UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

    Deborah J. Langlands                                        Case No. 05-14088 K

                           Debtor
------------------------------------------------------------------

OPINION AND ORDER

The Debtor and her mother reside in and were joint owners of their residence. Employing the Rule 6004 "notice and opportunity" procedure, the Trustee sold the Debtor's undivided joint tenancy to a third party, but without record notice to the mother. Now, many months later, the mother purports to have just learned of the sale, and seeks to set the sale aside for lack of, among other things, notice to her.

The question before the Court is whether a co-owner of property is entitled to record notice when the Trustee is selling the undivided interest of the Debtor in such property.[1]

Neither the parties nor the Court have been able to find any provision of the Code or Rules explicitly addressing this question. However, the Court believes that 11 U.S.C. § 102(2) (though intended by Congress to address a different question) is broad enough to render the mother a "creditor" who should have been given notice of the sale.

11 U.S.C. § 102(2) states that in Title 11 of the United States Code, "claim against the debtor" is to include "claim against property of the debtor." The phrase "claim against the debtor" is the keystone of the definition of "creditor" contained at 11 U.S.C. §

---

[1] In this case, the mother was not on the mailing matrix because, according to her attorney, she was not a creditor of the Debtor.

101(10), which states that the term "creditor" "means entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor."

The legislative history of the provision, as thoroughly discussed by the United States Supreme Court in the case of *Johnson v. Home State Bank*, 501 U.S. 78 (1991), clearly indicated a Congressional intention that § 102(2) address non-recourse loans. However, the *Johnson* Court held that the provision was broad enough to encompass relationships that have "the relevant attributes of non-recourse loans, regardless of how these interests come into existence." [p. 2155]

Thus, for example, the 9th Circuit Bankruptcy Appellate Panel in the case of *In re Guastella*, 341 B.R. 908 (9th Cir. Bank. App. Panel 2006) extended the provision so as to include a constructive trust that a State Court had imposed, on a pre-petition basis, on property which the debtor had fraudulently conveyed to her parents, which conveyance would have been set aside but for the filing of the bankruptcy petition.

Here, the question is whether the mother had claims against the Debtor's undivided interest in the property. This is because the real estate itself is not "property of the Debtor," but rather only the Debtor's "interest" in the property is property of her § 541 estate.[2]

More simply put, does one party possessing ownership rights have a "claim against" the co-owner's ownership rights, such that there would be a "claim" cognizable under 11 U.S.C. § 101(5), which states that "claim" means

---

[2] It is critical to recognize that this case does not involve 11 U.S.C. § 363(h) and related provisions dealing with the sale of the property itself, including the interest of the non-debtor in such property. Therefore, the arguments of the mother based on those provisions have no application here, and are rejected.

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The Court answers this question in the affirmative, under New York Law. This is because it has been stated that "when property rights become vested in persons as co-tenants, they occupy a confidential relationship to each other with respect to the property, characterized as a quasi trust. In dealing with common property, each co-tenant is bound to act as a trustee charged with the care and preservation of a trust estate. It is the duty of each co-tenant to defend the interests of all and to refrain from taking any action that would prejudice the property rights of the other co-tenants."[3]

The rights that one co-tenant enjoys against the other with respect to the property, include the right to entry and possession, the right to use and enjoyment, the right to recover for waste, the right to a proportionate share of rents and profits from the property, the right to contribution reimbursement (which includes a right "to have the respective interests subjected to a lien or charge for the purpose of obtaining reimbursement"[4]), etc. See generally 24 N.Y. Jur. 2d Co-Tenancy and Partition § 62 et seq.

The combination of 11 U.S.C. § 101(5), § 101(10), and § 102(2), under New York

---

[3] 14 N.Y. Jur.2d., Cotenancy and Partition § 62. (Authorities omitted.)

[4] 24 N.Y. Jur.2d, Cotenancy and Partition § 72.

Law, renders the mother a "creditor" who was entitled to record notice of the Trustee's intent to sell the Debtor's undivided joint tenancy.

The sale, having failed to comply with the procedure required by Rule 6004, Federal Rules of Bankruptcy Procedure, is hereby set aside, effective when the sale proceeds are returned to the buyer.

In order that there be a uniform procedure in the western division of the Bankruptcy Court for the Western District of New York, both judges of this division are joining in this decision. Henceforth, the prospective purchaser of an undivided interest in real estate in a Chapter 7 case pending here, must satisfy the trustee (by a title search or otherwise) as to the identity of all other holders of an interest in the subject real estate, so that the trustee may fully observe the requirements of Rule 6004.

SO ORDERED.

Dated:       Buffalo, New York
             April 2, 2008

_____
Michael J. Kaplan, U.S. Bankruptcy Judge

Joined-in by

_____
Carl L. Bucki, Chief U.S. Bankruptcy Judge